UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHASIDY A, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-02577-TAB-TWP |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES[1]**

**I.   Introduction**

This matter is before the Court on Plaintiff Chasidy A.'s motion for attorney's fees under 42 U.S.C. § 406(b). [Filing No. 29.] Plaintiff's counsel obtained an exceptional result for Plaintiff and seeks to be compensated in the amount of $25,253, consistent with the 25% contingency fee agreement between Plaintiff and her counsel. Defendant Commissioner argues that the fee award counsel seeks should be significantly reduced. As set forth below, the Court finds that Plaintiff's proposed attorney's fee should be reduced somewhat, but not nearly as significantly as the Commissioner suggests. Accordingly, the Commissioner is directed to pay Plaintiff's counsel attorney's fees in the amount of $18,990.

---

[1] Both the analysis and the text of this order substantially mirror the fee order issued in *Shirley S. v. Kijakazi*, No. 1:20-cv-01270-TAB-JPH. The parties and counsel in these two cases are the same, and the issues and arguments raised are nearly identical.

## II. Discussion

Plaintiff has faced a long, uphill battle in her effort to be awarded Social Security disability benefits. In 2015, the Disability Determination Bureau denied her application, and she was likewise denied upon reconsideration. Thereafter, Plaintiff appeared for a hearing and a supplemental hearing before an administrative law judge, but received an unfavorable decision on June 14, 2018. The Appeals Council denied review.

Plaintiff's counsel then filed a complaint with this Court, and on June 25, 2019, following briefing, the undersigned remanded this case to the Social Security Administration for a new hearing. [Filing Nos. 24, 25.] On May 25, 2021, upon reconsideration, the SSA awarded Plaintiff past-due benefits totaling $94,772. Moreover, as a result of this award, Plaintiff's daughter received back auxiliary benefits of $4,680 for the period of time she was under 18 years of age and her mother was disabled. In addition, Plaintiff also will receive ongoing disability benefits until death, retirement, or until Plaintiff is no longer disabled, in addition to receiving health care benefits.

Counsel now seeks an award of attorney's fees for his representation of Plaintiff. The fee agreement Plaintiff signed provides for an award of 25% of the past-due benefits—$25,253. The Commissioner argues that such an award would be unreasonable given that counsel spent only 12.7 hours of attorney time and 6.25 hours of non-attorney time on this case, which would result in an implied hourly rate of $1,988.42. [Filing No. 32, at ECF p. 9.]

While the parties dispute what constitutes an appropriate fee award, the parties agree that guidance on this question is found in *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), which instructs that this Court must act as an "independent check" to ensure the fee award is

reasonable. In making this determination, this Court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id*. at 808. There is no suggestion that Plaintiff's counsel has delayed these proceedings. Rather, the focus of the inquiry is the character of the results obtained and whether the fee would constitute a windfall.

As noted above, the character of the results obtained for Plaintiff is exceptional. Plaintiff has been seeking disability benefits since 2015, when the Disability Determination Bureau denied her application. Thereafter, Plaintiff's quest for benefits was denied upon reconsideration, denied in 2018 by an ALJ following two hearings, and ultimately denied by the Appeals Council in 2019. Undaunted, Plaintiff's counsel, Matthew Richter, filed a complaint in this Court and successfully argued for remand. Upon returning to the SSA, Plaintiff received past-due benefits totaling $94,772, in addition to $4,680 in past-due benefits for her daughter and the other benefits noted above. Accordingly, the character of the results obtained for Plaintiff supports the requested fee award.

To determine whether an award of attorney's fees of $25,253 (and an implied hourly rate of $1,332) would be a windfall, the Court examines other fee awards. A threshold issue is whether attorney and non-attorney time should be compensated at the same rate. Plaintiff argues that the rates of compensation should be the same, relying on *Caldwell v. Berryhill*, No. 4:15-cv-00070-TAB-TWP, 2017 WL 2181142 (S.D. Ind. May 18, 2017). The Court acknowledges *Caldwell* treated attorney and non-attorney rates the same. Nevertheless, the Court declines to take a similar path here for two reasons. First, in *Caldwell*, the implied hourly rate was $786,

whereas in the instant case it is significantly higher ($1,332).  Compensating non-attorney time at such a significantly higher hourly rate gives the Court pause.  Second, the Court finds compelling the rationale in the more recently decided case of *Bradley v. Kijakazi*, No. 1:20-cv-00323-JMS-TAB, 2021 WL 3931167 (S.D. Ind. Sept. 2, 2021).  In *Bradley*, the Court declined to award a rate of over three times the generally accepted rate for attorneys ($400-$600) to non-attorneys.  Instead, the *Bradley* Court agreed with the Commissioner that the better approach was to count two non-attorney hours as roughly equivalent to one hour of attorney work.  *Id.*, 2021 WL 3931167, at * 3.  This approach acknowledges that reasonable attorney's fees can include the work of paralegals and law clerks, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989), while similarly recognizing that attorneys are expected to bring a higher level of expertise to a legal matter than non-attorneys.  Moreover, reducing the hourly rate of non-attorneys furthers the goal of ensuring the overall fee award is reasonable.

Having resolved this threshold issue, the Court now examines specific fee awards.  As noted above, implied hourly fee awards in the $400 to $600 range have been generally approved.  *Taylor v. Berryhill*, No. 1:16-cv-03474-MJD-JMS, 2018 WL 4932042, at * 2 (S.D. Ind. Oct. 10, 2018) (compiling cases); *Cynthia L. v. Saul*, No. 1:17-cv-02192-JMS-TAB, 2019 WL 10060470, at * 4 (S.D. Ind. Sept. 20, 2019) (finding $600 per hour passed the reasonableness test); *Misty R. v. Saul*, No. 1:18-cv-03277-TAB-TWP, 2020 WL 6785382, at * 2 (S.D. Ind. Nov. 18, 2020) (finding an implied hourly rate of $914 "excessive" and reducing the rate to $600); *Allison v. Saul,* No. 1:17-cv-03256-TAB-WTL, 2020 WL 7028034, at * 2 (S.D. Ind. Nov. 30, 2020) (reducing an implied hourly rate from $1,745 to $600).

However, ample authority from within this district stands for the proposition that fee awards that vastly exceed $600 per hour can still be reasonable.  *See Bradley v. Kijakazi*, No.

4

1:20-cv-003230-JMS-TAB, 2021 WL 3931167, at * 5 (S.D. Ind. Sept. 2, 2021) (finding fee award of $1,200 per hour "consistent with fee awards for similar cases"); *Fitzpatrick v. Berryhill*, No. 1:15-cv-1865-WTL-MJD, at ECF p. 2 (S.D. Ind. Oct. 30, 2017) (approving an award equivalent to an hourly rate of between $1,045 and $2,908); *Hinton v. Berryhill*, No. 1:17-cv-02850-MJD-RLY, at ECF p. 4 (S.D. Ind. June 3, 2019) (approving an hourly rate of $1,274.51). Other districts have reached the similar conclusions. *See Heise v. Colvin*, No. 14-cv-739-jdp, 2016 WL 7266741 (W.D. Wis. Dec. 15, 2016) (approving hourly rate of approximately $1,100); *Peterson v. Colvin*, No. 12-cv-391 (E.D. Wis. Sept. 3, 2015) (approving hourly rate exceeding $1,000 per hour); *Kolp v. Colvin*, No. 12-CV-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (approving hourly rate of $1,118.44); *Szanyi v. Astrue*, No. 2:04-CV-412-PRC (N.D. Ind. Nov. 14, 2007) (approving award in excess of the equivalent of an hourly rate of $1,000).

The *Bradley* case noted above from this district is particularly instructive. In that case, the Court made several observations. First, the Court observed that counsel handled the case in a "very efficient manner," obtaining $117,130 in past-due benefits based upon 10.45 hours of attorney time and 5 hours of non-attorney staff time. *Bradley*, 2021 WL 3931167, at * 5. Second, the Court concluded a reduction was needed to avoid a windfall (which would have amounted to $2,261 per hour without a reduction). Third, the *Bradley* Court remarked that counsel "should reap the benefits of his work…." Accordingly, the Court reduced the fee request from $29,282 (at an hourly rate of $2,261) to $15,540 (at an attorney hourly rate of $1,200). The Commissioner has not shed any light on why counsel's work in *Bradley* was significantly more efficient than it is here. In *Bradley*, counsel handled two legal issues requiring 5 hours of attorney time and 10.45 hours of non-attorney staff time, resulting in an award of $117,130. [Filing No. 36, at ECF p. 5-6.] In the case at bar, counsel litigated with marked efficiency,

5

obtaining $94,772 based on 12.7 hours of attorney time and 6.25 hours of non-attorney time. While the Court believes that an implied hourly rate of $1,332 would be a windfall, counsel should reap the benefits of his work. An hourly rate in the $1,000 to $1,200 range is reasonable. Accordingly, consistent with *Bradley* and the exceptionally efficient results counsel achieved here, a reasonable rate is $1,200 per hour.

Applying this methodology, Plaintiff is entitled to $15,240 (12.7 hours of attorney time at $1,200/hour) plus $3,750 (6.25 hours of non-attorney time at $600/hour) for a total award of $18,990. Accordingly, the Commissioner is directed to pay to Plaintiff's counsel attorney's fees in the amount of $18,990.

### III. Conclusion

Plaintiff's motion for attorney's fees [Filing No. 29] is granted in part. For the reasons set forth above, the Commissioner is directed to pay Plaintiff's counsel attorney's fees under 42 U.S.C. § 406(b) in the amount of $18,990. As a consequence, Plaintiff's counsel must refund Plaintiff the $2,974.50 fee previously awarded under the Equal Access to Justice Act.[2]

Date: 6/27/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] If the Court awards fees under both the SSA and EAJA, only the larger of the two awards may be collected. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011), *rev'd on other grounds*, *Sprinkle v. Colvin*, 777 F.3d 421, 427 (7th Cir. 2015).

Distribution:

Nicholas Thomas Lavella
KELLER & KELLER
nlavella@2keller.com

Matthew Frederick Richter
KELLER & KELLER LLP
mrichter@2keller.com

Michael Jason Scoggins
SOCIAL SECURITY ADMINISTRATION
jason.scoggins@ssa.gov

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Joseph R. Wambach
KELLER & KELLER
joe@wambachdisability.com

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov